UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**DARVIN W. GRAY,**

   **Petitioner,**

v.

**CARRIE BRIDGES,**

   **Respondent.**

Case No. 25-CV-067-RAW-SPS

## OPINION AND ORDER

  Petitioner Darvin W. Gray, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment and sentence entered against him in the District Court of Muskogee County, Oklahoma, Case No. CF-2011-951. Dkt. Nos. 1, 2. For the reasons discussed herein, the Court dismisses the Petition without prejudice for lack of jurisdiction.

  I. *Preliminary Review of Habeas Petition*

  Under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, the Court must conduct a preliminary review of habeas petitions and must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Further, the Court must dismiss an action sua sponte if it determines that it lacks jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006). On preliminary screening, the Court finds that the § 2254 petition must be dismissed because it is an unauthorized second or successive habeas petition.

  II. *Petitioner's Second or Successive Habeas Petition*

  Under 28 U.S.C. § 2244(b), a federal district court must dismiss claims asserted in a second or successive petition if those claims were "presented in a prior application." 28 U.S.C. §

2244(b)(1). In limited circumstances, the district court may consider claims presented in a second or successive petition if those claims were not presented in a prior petition. 28 U.S.C. § 2244(b)(2). However, before a state prisoner files a second or successive petition in federal district court, the prisoner must first file a motion "in the appropriate court of appeals for an order authorizing the district court to consider" the second or successive petition. 28 U.S.C. § 2244(b)(3)(A). The district court lacks "jurisdiction to address the merits of a second or successive" § 2254 petition "until [the court of appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

The Court's records reflect that Petitioner previously challenged the same conviction and sentence in a federal habeas action brought pursuant to 28 U.S.C. § 2254 in this Court in 2016. *Gray v. Whitten*, No. 16-CV-482-JHP-KEW (E.D. Okla. Nov. 2, 2016). Petitioner initiated a subsequent action in this Court in 2023 by filing a motion invoking Rule 60(b) of the Federal Rules of Civil Procedure, which was ultimately construed as a second or successive § 2254 petition and dismissed for lack of jurisdiction. *Gray v. Bridges*, No. 23-CV-45-JFH-GLJ (E.D. Okla. Feb. 3, 2023); *see Gray v. Bridges*, No. 23-7065, 2024 WL 2747573, at *2 (10th Cir. May 29, 2024) (unpublished). Thus, the instant Petition is a second or successive habeas petition. Petitioner, however, has not indicated that he received authorization from the Tenth Circuit under § 2244(b)(3) prior to filing this action.

"When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the court of appeals], the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d at 1252. Here, the Court finds the interest of justice does not warrant transfer of this action to the Tenth

2

Circuit, as Petitioner has not met the statutory requirements for authorization.

The Tenth Circuit may authorize a second or successive habeas petition raising a new claim if the petitioner makes a prima facie showing that (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and the facts would be sufficient to establish by clear and convincing evidence the petitioner's lack of guilt of the underlying offense. 28 U.S.C. § 2244(b)(2); see *Spitznas v. Boone*, 464 F.3d 1213, 1218 n.7 (10th Cir. 2006). None of the claims raised in the instant Petition implicate a new rule of constitutional law. Petitioner argues that certain evidence, including potentially favorable witnesses and evidence depicting the crime scene as visible to the public, should have been presented at trial. Dkt. No. 2, at 3-7. He fails, however, to show that such evidence was previously undiscoverable and sufficient to establish his innocence. Thus, transfer is not merited.

   III.   Conclusion

Based on the foregoing, the Court dismisses the petition without prejudice for lack of jurisdiction. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition. 28 U.S.C. § 2253(c); see *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Dkt. No. 1] is **dismissed** without prejudice for lack of jurisdiction;

2. a certificate of appealability is **denied**; and

3. a separate judgment of dismissal shall be entered in this matter.

**DATED** this 21st day of October, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE